**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JAVIER SEGOVIA MENDIOLA** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 7:22-cv-401** |
| | § | |
| **v.** | § | |
| | § | |
| **KENNETH P. HARTLEY and KEVIN P. HARTLEY, HARTLEY PRODUCE, LLC, and B & H FARMS, LLC** | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. This is an action for unpaid wages and to redress and vindicate other rights afforded under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Texas Minimum Wage Act ("TMWA"), Tex. Lab. Code § 62 *et seq.*, and the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, by Plaintiff Javier Segovia Mendiola ("Mr. Segovia") against Defendants Kenneth P. Hartley and Kevin P. Hartley; Hartley Produce, LLC; and B & H Farms, LLC. Mr. Segovia worked for Defendants for years on their residential and agricultural business properties in and around Weslaco, Texas. Mr. Segovia performed a variety of ranch and seasonal farm labor, including caring for livestock, irrigating fields, and harvesting crops; Mr. Segovia also performed landscaping and cleaning around Defendants' homes, yards, and swimming pool. Defendants did not abide by various requirements of the AWPA. Further, Defendants did not pay Mr. Segovia the federal and Texas minimum wage of $7.25 per hour and did not pay Mr. Segovia overtime wages. As such, Mr. Segovia seeks the greater of statutory or actual damages pursuant to the AWPA and its attendant

regulations, as well as unpaid wages, liquidated damages, costs, and attorney's fees pursuant to the FLSA and the TMWA.

## JURISDICTION AND VENUE

2. Mr. Segovia brings this case to recover unpaid compensation under the FLSA and damages under the AWPA. As such, this Court has jurisdiction over Mr. Segovia's claims pursuant to the following:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA); and

   d. 29 U.S.C. § 1854(a) (AWPA).

3. This Court has supplemental jurisdiction over Mr. Segovia's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to their federal claims that they form part of the same case or controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in the district and Defendants are subject to personal jurisdiction in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Javier Segovia Mendiola is a natural person residing in Hidalgo County, Texas.

7. Defendant Kenneth P. Hartley is a natural person residing in Hidalgo County, Texas.

8. Defendant Kevin P. Hartley is a natural person residing in Hidalgo County, Texas.

9. Defendants Kenneth and Kevin Hartley are father and son, respectively.

10. Defendant Hartley Produce, LLC is a Texas Limited Liability Company which has its principal place of business in Hidalgo County, Texas and which may be served with process by serving its registered agent, Kenneth P. Hartley, 4615 South Bridge Avenue, Weslaco, Texas, 78596. Kenneth Hartley is Hartley Produce's sole director or officer.

11. Defendant B & H Farms, LLC is a Texas Limited Liability Company which has its principal place of business in Hidalgo County, Texas, and which may be served with process by serving its registered agent, Kenneth P. Hartley, 4615 South Bridge Avenue, Weslaco, Texas, 78596. Kenneth Hartley is President and Kevin Hartley is Vice President of B & H Farms.

## FACTS

12. Defendant Kenneth Hartley hired Mr. Segovia on behalf of himself and corporate Defendants in or around 2010 to work in Defendants' agricultural operations and to maintain Defendants' residential property in Hidalgo County, Texas. At that time, Mr. Segovia moved into a small house on Defendants' property at 4615 South Bridge Avenue in Weslaco, Texas ("the South Bridge Property").

13. At all times relevant to this action, Defendants Kenneth and Kevin Hartley resided at the South Bridge property.

14. At all times relevant to this action, Defendants Kenneth and Kevin Hartley operated Hartley Produce, LLC and B & H Farms, LLC.

15. Defendants had interrelated operations, common control, common ownership, and common management over the terms and conditions of Mr. Segovia's work such that they are an integrated enterprise or joint employers of Mr. Segovia. Facts demonstrating Defendants' interrelatedness include, but are not limited to the following:

a. Upon information and belief Kenneth Hartley has the legal authority to enter into contracts on behalf of both Hartley Produce, LLC and B & H Farms, LLC;

b. Upon information and belief Kenneth Hartley determines the labor needs of both Hartley Produce, LLC and B & H Farms, LLC and has the ability to hire workers and contractors for both companies;

c. Upon information and belief Defendants Kenneth Hartley, Kevin Hartley, Hartley Produce, LLC and B & H Farms, LLC operate under a common business purpose to grow, harvest, pack, buy, and sell crops and to raise livestock for commercial sale.

d. Upon information and belief, in addition to Mr. Segovia, Defendants employ the same individuals to work in the operations of both Hartley Produce, LLC and B & H Farms, LLC; and

e. Hartley Produce, LLC and B & H Farms, LLC share the same principal office and registered agent, Kenneth Hartley; Kenneth and Kevin Hartley reside at the same address as the principal office.

16. At all times relevant to this action, Defendants have constituted an enterprise engaged in commerce within the meaning of the FLSA in that: 1) they had two or more employees who handled goods or materials that had been moved in or produced for commerce and 2) Defendants' enterprise had at all times relevant to this action annual gross annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Throughout his employment with Defendants, Mr. Segovia handled goods or materials that had been moved in or produced for commerce, including animal feed and agricultural produce.

18. Defendants "employed" Mr. Segovia within the meaning of 29 U.S.C. § 203(g) and Tex. Labor Code § 62.002(4).

19. Mr. Segovia was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and Tex. Lab. Code § 62.002(5).

20. At all times relevant to this action, Defendants carried out, and employed Mr. Segovia in, agricultural operations at multiple locations. Defendants' agricultural operations included, but were not limited to:

    a. Raising livestock at their ranch on the South Bridge Property for commercial sale;

    b. Raising chickens and peacocks at their ranch on the South Bridge property;

    c. Operating a warehouse storing produce, farming materials, and equipment at 4925 Rancho Toluca Road in Weslaco, Texas; and

    d. Seasonally growing cotton, onions, okra, broccoli, cabbage, and other agricultural products in fields either owned or controlled by them in Hidalgo County, Texas.

21. Upon information and belief, Defendants employed other workers, including numerous field workers, throughout their operations. Mr. Segovia at times worked alongside Defendants' other employees but was the only of Defendants' employees who lived at the South Bridge property and was on call 24 hours a day.

22. Mr. Segovia worked for Defendants and lived on the South Bridge property until on or around April 11, 2022. Mr. Segovia's work for Defendants was performed in Hidalgo County, Texas, at all times relevant to this action.

23. At all times relevant to this action, Defendant Kenneth Hartley had managerial responsibilities and substantial control of the terms and conditions of Mr. Segovia's work on behalf of himself and the corporate Defendants. At all material times, Kenneth Hartley acted, directly or indirectly, in the interest of an employer with respect to Mr. Segovia. Facts demonstrating that Kenneth Hartley was an employer in relation to Mr. Segovia include, but are not limited to, the following:

    a. Kenneth Hartley hired Mr. Segovia and later fired him in April 2022;
    b. Kenneth Hartley paid Mr. Segovia;
    c. Kenneth Hartley assigned work to Mr. Segovia;
    d. Kenneth Hartley supervised and directed Mr. Segovia's work;
    e. Kenneth Hartley provided the tools and equipment necessary for Mr. Segovia to perform his work; and
    f. Mr. Segovia was economically dependent on Kenneth Hartley for the terms and conditions of his employment.

24. At all times relevant to this action, Defendant Kevin Hartley had managerial responsibilities and substantial control of the terms and conditions of Mr. Segovia's work on behalf of himself and the corporate Defendants. At all material times, Kevin Hartley acted, directly or indirectly, in the interest of an employer with respect to Mr. Segovia. Facts demonstrating that Kevin Hartley was an employer in relation to Mr. Segovia include, but are not limited to, the following:

    a. Kevin Hartley possessed the authority to hire and fire Mr. Segovia;

b. Kevin Hartley paid Mr. Segovia;

c. Kevin Hartley assigned work to Mr. Segovia and set his working hours;

d. Kevin Hartley supervised and directed Mr. Segovia's work;

e. Kevin Hartley provided the tools and equipment necessary for Mr. Segovia to perform his work; and

f. Mr. Segovia was economically dependent on Kevin Hartley for the terms and conditions of his employment.

25. Mr. Segovia performed seasonal agricultural work in fields and warehouses owned or controlled by Defendants in every or nearly every workweek under the supervision and control of Defendants, including:

a. Mr. Segovia irrigated fields and laid irrigation pipe in fields;

b. Mr. Segovia weeded in fields where seasonal crops were growing;

c. Mr. Segovia harvested, packed, and stored seasonal crops; and

d. Mr. Segovia grew, cut, and bundled grass or hay for animal feed.

26. In addition to Mr. Segovia's duties in the preceding paragraph, Mr. Segovia performed the following work under the supervision and control of Defendants in every or nearly every workweek throughout the course of his employment:

a. Mr. Segovia performed routine landscaping in the decorative yards immediately surrounding the homes of Defendants Kenneth and Kevin Hartley, including mowing or trimming the lawn and pruning trees and shrubs;

b. Mr. Segovia used a leaf-blower to clean leaves and other debris from the yards, driveways, basketball court, and swimming pool around the homes of Defendants Kenneth and Kevin Hartley; and

c. Mr. Segovia fed, cared for, and maintained the pens of cattle, chickens, and peacocks on the South Bridge property.

27. In addition to Mr. Segovia's duties described in the preceding paragraphs, Mr. Segovia occasionally performed the following work under the control and supervision of Defendants:

a. Mr. Segovia cleaned warehouses storing equipment, animal feed, and other materials;

b. Mr. Segovia cleaned the exterior of Defendants' homes;

c. Mr. Segovia removed shell casings and other debris from the South Bridge property after hunting outings hosted by Defendants and cleaned bird carcasses after such outings; and

d. Mr. Segovia performed other labor as directed by Defendants or their agents in Defendants' agricultural operations or to improve and maintain Defendants' residential properties.

28. At all times relevant to this action, Mr. Segovia's workweek was generally Monday through Friday from 8:00 a.m. to 5:00 p.m., with a one-hour lunch break, and Saturdays from 8:00 a.m. to 12:00 p.m., though he often worked additional hours during busy seasons. Consequently, Mr. Segovia worked more than 40 hours in every or nearly every workweek throughout his period of employment with Defendants.

29. Prior to 2018, Defendants paid Mr. Segovia between $120 and no more than $160 per week. From in or around 2018 to February 2022, Defendants paid Mr. Segovia $160 per week in cash. For the weeks beginning around February 2022 and ending on or around April 10, 2022, Defendants paid Mr. Segovia $200 per week in cash.

30. Consequently, at all times relevant to this action, Mr. Segovia was paid below the minimum wage of $7.25 per hour for each hour worked in every or nearly every week he worked. Defendants also did not pay Mr. Segovia overtime wages of one and one-half times the minimum wage for hours worked over 40 in a workweek.

31. Defendants were aware of the total hours worked by Mr. Segovia and that Mr. Segovia was not paid the minimum wage or one and one-half times his regular rate of pay for hours worked over 40 in a workweek.

32. Defendants failed to provide Mr. Segovia with an earnings statement as required by Tex. Lab. Code § 62.003.

33. Upon information and belief, Defendants failed to maintain payroll records as required by 29 U.S.C. § 211(c).

34. Defendants willfully and deliberately failed to issue paystubs and paid Mr. Segovia in cash with the intent to violate the AWPA, FLSA, and TMWA and with the intent to hide such violations of the law.

35. Upon information and belief, Defendants failed to post posters describing Mr. Segovia's rights under the AWPA and the FLSA in locations generally accessible to Mr. Segovia.

36. Defendants' actions in failing to comply with the requirements of the AWPA, FLSA. and TMWA were willful.

**FIRST CLAIM FOR RELIEF: FLSA**

37. Mr. Segovia reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

38. At all times relevant to this action, Defendants were "employers" of Mr. Segovia as defined by 29 U.S.C. § 203(d).

39. At all times relevant to this action, Defendants "employed" Mr. Segovia as defined by 29 U.S.C. § 203(g).

40. At all times relevant to this action, Mr. Segovia was an "employee" of Defendants as defined by 29 U.S.C. § 203(e)(1).

41. The above-described actions by Defendants violated Mr. Segovia's minimum wage rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

42. The above-described actions by Defendants violated Mr. Segovia's overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

43. Mr. Segovia has consented to the filing of this action for violations of the FLSA. *See* Exhibit A.

44. Defendants' violation of the FLSA as specified above was willful.

**SECOND CLAIM FOR RELIEF: TMWA**

45. Mr. Segovia reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

46. At all times relevant to this action, Defendants were "employers" of Mr. Segovia as defined by Tex. Lab. Code § 62.002(6).

47. At all times relevant to this action, Defendants "employed" Mr. Segovia as defined by Tex. Lab. Code § 62.002(4).

48. At all times relevant to this action, Mr. Segovia was an "employee" of Defendants as defined by Tex. Lab. Code § 62.002(5).

49. Defendants failed to pay Mr. Segovia at least the minimum wage for each hour worked in each workweek, in violation of Tex. Lab. Code § 62.051.

50. The above-described actions of Defendants violated Mr. Segovia's rights under the TMWA for which Mr. Segovia is entitled to relief pursuant to Tex. Lab. Code § 62.201.

51. Mr. Segovia has consented to the filing of this action for violations of the TMWA. *See* Exhibit A.

52. Mr. Segovia attaches his verification of this cause of action as Exhibit B.

**THIRD CLAIM FOR RELIEF: AWPA**

53. Mr. Segovia reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

54. At all times relevant to this action, Mr. Segovia was a seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(10)(A).

55. At all times relevant to this action, Defendants were agricultural employers within the meaning of 29 U.S.C. § 1802(2).

56. At all times relevant to this action, Mr. Segovia was engaged in agricultural employment as defined by 29 U.S.C. § 1802(5).

57. Defendants failed to make, keep, and preserve records as required by the AWPA, 29 U.S.C. § 1831(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a), accurately reflecting the number of compensable hours Mr. Segovia was employed in Defendants' operations during the relevant time period.

58. In violation of the AWPA, 29 U.S.C. § 1831(d)(2) and 29 C.F.R. § 500.80(d), Defendants failed to provide Mr. Segovia a written statement containing data required to be disclosed at each pay day during his period of employment, including the number of hours worked and the basis on which wages were paid.

59. By failing to pay Mr. Segovia wages at least equal to the federal and Texas minimum wage for all hours worked, Defendants failed to pay Mr. Segovia his wages when due, in violation of the AWPA, 29 U.S.C. § 1832(a) and 29 C.F.R. § 500.81.

60. By failing to pay Mr. Segovia wages at least equal to the federal and Texas minimum wage for all hours worked, Defendants also violated without justification the terms of their working arrangement with Mr. Segovia under 29 U.S.C. § 1832(c) and 29 C.F.R. § 500.72.

61. Defendants failed to post, in a conspicuous place at the locations described in Paragraph 20 and generally accessible to Mr. Segovia, a poster stating the rights and protections afforded by the AWPA as required by 29 U.S.C. § 1831(b) and 29 C.F.R. § 500.76(d)(1).

62. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

63. As a result of Defendants' violations of the AWPA and its attendant regulations, Mr. Segovia has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Segovia prays that this Court:

A. Declare that Defendants have violated the TMWA and FLSA by failing to pay Mr. Segovia minimum wages as required by 29 U.S.C. § 206(a)(1) and Tex. Lab. Code § 62.051;

B. Declare that Defendants have violated the FLSA by failing to pay Mr. Segovia overtime as required by 29 U.S.C. § 207(a)(1);

C. Declare that Defendants have violated the AWPA for their failure to make, keep, preserve records; failure to provide Mr. Segovia with a written statement at each pay day; failure to pay wages when due; violation of the working arrangement; and failure to post a poster containing information about Mr. Segovia's rights under AWPA;

D. Award Mr. Segovia his unpaid overtime and minimum wage compensation and an additional, equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b) and Tex. Lab. Code § 62.201;

E. Award Mr. Segovia $500 in statutory damages or his actual damages, whichever is greater, for each of Defendants' violations of the AWPA and its attendant regulations;

F. Award Mr. Segovia his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Tex. Lab. Code § 62.205;

G. Award Mr. Segovia pre- and post-judgment interest, as provided by law; and

H. Award Mr. Segovia such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TEXAS RIOGRANDE LEGAL AID**

*/s/ A. Vail Kohnert-Yount*
A. Vail Kohnert-Yount
Texas Bar No. 24123305
S. Dist. No.: 3779012
Texas RioGrande Legal Aid, Inc.
1206 E. Van Buren St.
Brownsville, Texas 78520
Telephone: (956) 364-3801
Fax: (956) 591-8752
Email: akohnertyount@trla.org
ATTORNEY-IN-CHARGE FOR PLAINTIFF

Alan A. Dicker
Texas Bar No. 24131175
Texas RioGrande Legal Aid, Inc.
1331 Texas Avenue
El Paso, Texas 79901
Telephone: (915) 585-5114
Fax: (956) 591-8752
Email: adicker@trla.org
(*Pro hac vice* motion forthcoming)

Lakshmi Ramakrishnan
Texas Bar. No. 24037324
S. Dist. No.: 33872
Texas RioGrande Legal Aid, Inc.
300 South Texas Blvd.
Weslaco, Texas 78596
Telephone: (956) 447-4850
Fax: (956) 591-8752
Email: lramakrishnan@trla.org

**ATTORNEYS FOR PLAINTIFF**